Chief Justice Robertson
delivered the Opinion of the Court.
William Johnson of Pittsburg being indebted to Lyon, giwri, Co., they filed a bill in Chancery against him and Morgan and others, as absent defendants, in- the Jefferson Circuit Court, and attached a steam boat— “the Osage,” then at the wharf at Louisville, in the pos *545 session of Henry Johnson, and which the complainants alleged to be the property of William Johnson.
State of fact as .to the ownership.
Bill dismissed, 'fyc.
A Circuit Court has jurisdiction, of a bill to attach steamboat, tho° none of the owners are within this state — ■ provided theboat and person having charge are found in thecoun ty: it is not necessary that he should be a citizen or resident of the state, to give jurisdiction under the statute.
William and Henry Johnson admitted the material allegations in the bill, and did not object to a sale of the boat; but Morgan and others, in their answer, claimed the boat as their own exclusive property, denied that William Johnson was entitled to any interest in it, and alleged that there was a fraudulent combination between the complainants and Johnson, for the purpose of appropriating the boat to the payment of Johnson’s debts.
It appears, from the depositions which were read on the hearing of the cause in the Circuit Court, that the Morgans and others had built and owned the Osage; and that, being Indebted to William Johnson, about thirteen hundred dollars, for the engine, two of the several owners had agreed that he might take the boat Into possession, and sell it to secure his debt, and to indemnify himself for being their special bail, for other debts, amounting to about fourteen hundred dollars, and that if the sale should produce more than twenty seven hundred dollars,he should pay to the owners the surplus; that an absolute bill of sale of the boat, to Johnson, was executed by the two Morgans, who took it with them to Morgantown, on the Monongahela, for the purpose of procuring the signatures of the other owners, but had never returned it; and that, on the first trip of the boat, from Pittsburgh to Louisville after that arrangement, it was attached by the complainants.
The Circuit Court having dismissed the bill, this appeal Is prosecuted, to reverse the decree.
Two questions are presented by the foregoing facts:—
First. Had the Circuit Court jurisdiction? As the bill alleges, that all the claimants of the boat were absent from this Commonwealth, and that the boat 'was then in the port of Louisville, In the possession of Henry Johnson, we have no doubt that the Circuit Court of .Jefferson had jurisdiction to attach the boat; for it is not necessary, that the person in possession of the property of an absentee, should be either a citizen or resident of this state; all that is necessary is that he should bé, in fact, within the jurisdiction of the Court when process *546 is served on him; nor can there be any reason why a steam boat should not be liable to be attached under the statute regulating proceedings against absent defendants.
The several own ■ers of a steam boat are, prima facie, tenants in ‘Common, and a sale by one or more, passes his -or their share or shares, absolutely or conditionally according to the intent.
The interest of a mortgagee of share in a boat, may be attached, and the mortgagors and others interested, being parties, the equity may be foreclosed, and the debt, or interest, subjected to the attaching credit- «or’s claim.
Any available interest of an absent debtor, in property within the jurisdiction of the court, in the hands of any person also in'the jurisdiction, is liable to attachment in chancery, under the statute.
Second. Had William Johnson any such interest as might be attached by his creditors?
Nothing appearing to the contrary, the several owners of the Osage should be deemed to be tenants in common. It does not appear, that the two Morgans, who made the contract with William Johnson, had any authority from the other owners to sell or mortgage their interests; or that the contract was ever executed or ratified by them. Consequently there is no proof of any valid transfer of their interest in the boat to William Johnson.
But the bill of sale seems to have been delivered by two of the owners — though afterwards taken back for the purpose of procuring the signatures of the oth.er owners — from which we must infer that, so far as the two who had signed and delivered it were concerned, it was complete and effectual to pass their interests, in trust, for the purposes contemplated by the parties. And, to the extent of the interests of these two in the boat, and the liability of those interests to be sold by Johnson for his own benefit, he had, as mortgagee, a beneficial and available interest in the boat. And, as all parties concerned were before the Court, we are of the opinion that the appellants, as creditors of William Johnson, might be substituted in his place, and be entitled to a foreclosure and sale of the interests of the two mortgagors, ar far as Johnson himself might have had that right.
The statute respecting absent debtors should, in our judgment, be construed as authorizing a creditor to attach any available interest of his absent debtor in property within the jurisdiction of the Court, and in the possession of any person also within its jurisdiction.
Wherefore, it wouWseem that the appellants are entitled to a decree to some extent; but that cannot exceed the amount of the debt due for the engine; because *547 there is no proof, that the owners of the boat are indebted to William Johnson to any greater extent.
Decree reversed, and cause remanded, with instructions to render a decree conformable with the principles of this opinion.